# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH BRISTER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-5707-LMA-SS** |
| **DIAMOND OFFSHORE DRILLING, INC.** | |

## <u>ORDER</u>

BRISTER'S MOTION TO COMPEL SAFETY MINUTES (Rec. doc. 37)

> **DISMISSED AS MOOT**

BRISTER'S MOTION TO COMPEL SAFETY MANUAL (Rec. doc. 38)

> **GRANTED IN PART AND DENIED IN PART**

BRISTER'S MOTION TO COMPEL DATES FOR DEPOSITIONS (Rec. doc. 39)

> **GRANTED IN PART AND DENIED IN PART**

BRISTER'S MOTION TO QUASH DEPOSITIONS OF NAQUIN AND BRANCH (Rec. doc. 40)

> **GRANTED IN PART AND DENIED IN PART**

Before the undersigned are four motions filed by the plaintiff, Keith Brister ("Brister"), regarding discovery issues with defendant, Diamond Offshore Management Company ("Diamond").

1.    <u>Motion to compel safety minutes.</u>

This motion is redundant. On April 22, 2008, Brister's motion to compel was granted. Diamond was ordered to produce any safety meeting minutes for the three months prior to the accident and the month after the accident which deal with operating the rig in or working on the rig in rough weather. Rec. doc. 45. Diamond reports that there are no such safety meeting minutes.

Brister's motion is dismissed as moot.

2.      Motion to compel safety manual.

Brister reports that Diamond agreed to produce the index of the safety manual so that counsel for Brister could designate the sections of the manual to be copied.  Diamond reports that it will provide Brister with the index.  Brister's motion to compel production of safety manual is granted in part and denied in part.  The parties shall proceed as follows:

a.      **Within five (5) working days** of the entry of this order, Diamond shall deliver the index to Brister's counsel.

b.      Brister's counsel shall designate the required portions of the safety manual as promptly as possible.

c.      **Within ten (10) working days** of the receipt of the designation by Brister of the portions of the safety manual to be copied, Diamond shall deliver them to Brister's counsel.

3.      Motion to compel dates for depositions.

Brister requests dates for depositions for the following:

a.      Wayne Powell.

Diamond reports that Powell is no longer employed by it, so it is unable to produce him for his deposition.  **Within ten (10) working days** of the entry of this order, Diamond shall deliver to Brister's counsel the last known address for Powell.

b.      Ray Armington.

Diamond reports that Armington is no longer employed by it, so it is unable to produce him for his deposition.  **Within ten (10) working days** of the entry of this order, Diamond shall deliver

2

to Brister's counsel the last known address for Armington.

      c.    <u>Diamond personnel in Houston who met with Brister after the accident</u>.

The April 21, 2008 order provided that within two days of its entry, Brister was to e-mail counsel for Diamond with the approximate date of the meeting. Diamond was to make inquiry concerning the meeting. There is no evidence that Brister complied with the April 21, 2008 order. In support of this motion, Brister cited the testimony of John Wilson. Rec. doc. 39(Exhibit A). This testimony does not support Brister's contention that after the accident Diamond personnel met with him in Houston concerning the accident. Diamond, however, reports that there was a meeting in Houston with Brister concerning a promotion that Brister sought. Diamond reports that its general counsel was present at this meeting.

**Within ten (10) working days** of the entry of this order, Diamond shall deliver to Brister's counsel a writing with: (i) the date of this meeting; (ii) the names of all persons in attendance at the meeting; (iii) if any attendees are no longer with Diamond, it shall provide their last known addresses; and (iv) any documents relating to the meeting. If Diamond contends that any documents are protected from disclosure, it shall prepare a privilege log and submit the documents for *in camera* inspection. If Diamond contends that any of the participants at the meeting should not be deposed for any reason, **within ten (10) working days** of the entry of this order it shall move for a protective order and request expedited hearing.

4.    <u>Motion to quash the depositions of Naquin and Branch</u>.

      a.    <u>Royce Naquin</u>.

Naquin is employed by counsel for Brister as an investigator. Naquin took a statement from a former Diamond employee, Ray Armington, who had information relevant to Brister's claims.

3

Diamond may depose Naquin about his communications with Armington.  The parties shall proceed as follows: (i) Diamond shall provide Brister's counsel with Armington's last known address; (ii) Brister shall produce all documents responsive to parts 1-4 and 6 of Exhibit A to Rec. doc. 40; (iii) Brister shall produce Naquin for his deposition which shall be limited to the communications between Naquin and Armington; and (iv) Brister may not take Armington's deposition before Diamond deposes Naquin.

      b.   <u>Nyles Branch</u>.

Brister's counsel reports that he employs Branch as an investigator and process server. Branch was with counsel for Brister when Brister retained his counsel and signed a retainer agreement.  Counsel for Brister reports that Branch lent Brister some money to cover an emergency with Brister's car when the office of counsel for Brister was closed for a holiday weekend.  Branch used a personal check.  He was reimbursed by counsel for Brister who reports that he will produce a copy of the canceled check.

During his deposition, Brister testified to borrowing the money from Branch and his relationship with him.  Diamond contends that it should be able to determine how Brister and Branch met, what arrangements were made for the funds lent or advanced to Brister, and what Brister may have told Branch about the accident.  Diamond's request for Branch's deposition is denied.  Even assuming that some of the information sought by Diamond is relevant, the burden and expense of the discovery outweigh its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

**Within ten (10) working days** of the entry of this order, Brister shall provide Diamond with a copy of the canceled check given by Branch to Brister.

5.      <u>Scheduling depositions</u>.

The deadline for completing depositions and all discovery is August 11, 2008.  Rec. doc. 20.

**Within ten (10) working days** of the entry of this order and at a mutually convenient date and time

lead counsel for Brister and Diamond shall confer by telephone to reserve sufficient dates on their

calendars for all remaining depositions in this case.  <u>This task shall not be delegated to associates,</u>

<u>secretaries or paralegals</u>.  Brister's counsel shall confirm the results of the meeting in writing.

Brister's counsel shall be responsible for scheduling and initiating the conference.  Any changes to

agreed dates for depositions shall be made by lead counsel for the parties after they have conferred

in person or by telephone.  Any such changes shall be confirmed in writing.

6.      <u>Sanctions</u>.

Brister's motions sought sanctions.  The request for sanctions are denied.

IT IS ORDERED that: (1) Brister's motion to compel production of safety minutes which

address weather related issues (Rec. doc. 37) is DISMISSED as MOOT; (2) his motions to compel

production of safety manual (Rec. doc. 38), to compel dates for depositions (Rec. doc. 39), and to

quash the depositions of Naquin and Branch (Rec. doc. 40) are GRANTED in PART and DENIED

in PART in accord with the terms of this order.

New Orleans, Louisiana, this 8th day of May, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**