UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH BRISTER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-5707-LMA-SS** |
| **DIAMOND OFFSHORE DRILLING, INC.** | |

### ORDER

BRISTER'S MOTION TO QUASH (Rec. doc. 58)

    **GRANTED**

BRISTER'S MOTION TO COMPEL (Rec. doc. 64)

    **DISMISSED IN PART AS MOOT AND DENIED IN PART**

DIAMOND'S MOTION TO TRAVERSE (Rec. doc. 69)

    **DENIED**

DIAMOND'S REQUEST FOR RECORDING OF ARMINGTON STATEMENT (Rec. doc. 71)

    **GRANTED**

    The following discovery matters are pending before the undersigned: (1) the motion of the plaintiff, Keith Brister ("Brister"), for an order quashing the notice by the defendant, Diamond Offshore Management Company ("Diamond"), of the records deposition of First Southern Bank; (2) Brister's motion to compel discovery from Diamond; (3) Diamond's motion to traverse Brister's responses to interrogatories and request for production of documents; and (4) Diamond's request

for production of the actual recording of the Armington statement.[1]

1.      Brister's credibility.

A number of the issues raised by these motions relate to Brister's credibility. Brister testified concerning money received from Nyles Branch. Brister's counsel, George Byrne, reports that Branch is employed by his firm as an investigator. There was information from Mr. Byrne that Branch lent Brister $1,500 to cover an emergency concerning Brister's car. Diamond cites the date of the check and its endorsement and other evidence as contradicting this information. This has prompted Diamond to pursue discovery of bank records, some limited employment records of Branch and Royce Naquin, another person reportedly employed by Mr. Byrne's firm.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, Fed. R. Civ. P. 26(b)(1). Branch's employment relationship, if any, with Mr. Byrne's firm is not relevant to the claims or defenses of the parties. While Brister's credibility is a proper subject to inquiry, there are limits. For guidance on these limits it is proper to look to the circumstances in which the court may expand the scope of discovery to include discovery of any matter relevant to the subject matter involved in the action. Pursuant to Fed. R. Civ. P. 26(b)(1), this may be done where good cause is present. Diamond has not presented good cause to pursue this line of inquiry into the credibility of Brister's deposition testimony concerning the payment of $1,500.00.

Brister's motion to quash Diamond's deposition notice and subpoena for bank records will

---

[1] Diamond's request for the production of the actual recording of the Armington statement is included in Diamond's motion to quash deposition which was granted in part. Rec. docs. 71 and 74.

be granted. Diamond's motion to traverse Brister's response to interrogatories concerning the employment of Branch and Naquin will be denied.

2.  <u>Diamond's safety bonus program</u>.

Diamond reports that it has produced these records. Brister's motion to compel will be dismissed as moot as to these records.

3.  <u>Accident reports</u>.

Brister seeks all reports of accidents occurring on the M/V Ocean Voyager from January 1, 2006, through November 16, 2006, the date of the alleged accident in this matter. Diamond objects. Brister has not demonstrated how the reports of such accidents are relevant to his claims. Diamond's objection is sustained. Brister's motion to compel will be denied as to these records.

4.  <u>Recording of Armington statement</u>.

Naquin took a statement from Rathadus Armington. Brister produced a transcript but not the actual recording. Diamond moved to compel its production. On June 30, 2008, Brister reported that it would be forwarded to Diamond's counsel within the week. Diamond's motion will be granted.

IT IS ORDERED as follows:

1.  Brister's motion for an order quashing Diamond's notice of the records deposition of First Southern Bank (Rec. doc. 58) is GRANTED.

2.  Brister's motion to compel discovery from Diamond (Rec. doc. 64) is DISMISSED in PART as MOOT and DENIED in PART as provided herein.

3.  Diamond's motion to traverse Brister's responses to interrogatories and request for

production of documents (Rec. doc. 69) is DENIED.

4. Diamond's request for production of the actual recording of the Armington statement (Rec. doc. 71) is GRANTED and **within five (5) working days of the entry of this order** Brister shall produce the recording of the Armington statement.

New Orleans, Louisiana, this 7th day of July, 2008.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**